COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
**NO. 02-10-00008-CR**



| | |
|---|---|
| KEITH WAYNE JOHNSON | APPELLANT |
| V. | |
| THE STATE OF TEXAS | STATE |

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

**MEMORANDUM OPINION**[1]

------------

Appellant Keith Wayne Johnson was indicted for committing an aggravated assault of a family member with a deadly weapon ("a razor or box cutter that in the manner of its use or intended use was capable of causing death or serious bodily injury"). *See* Tex. Penal Code Ann. § 22.02(b)(1) (Vernon Supp. 2010) (stating that aggravated assault with a deadly weapon causing serious bodily injury to a family member is a first-degree felony). He made an open plea of

---

[1]*See* Tex. R. App. P. 47.4.

guilty and asked the trial court to assess punishment. The trial court found him guilty and assessed fifty-five years' confinement as punishment. *See id.* § 12.32 (Vernon 2009) (stating that an individual adjudged guilty of a first-degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years).

Johnson's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967).

We gave Johnson an opportunity to file a pro se brief, and he has done so, arguing that he received ineffective assistance of counsel and that the trial judge was biased against him and violated his due process rights by reviewing the PSI before pronouncing guilt. The State filed a brief, responding to Johnson's arguments, and Johnson filed a reply brief to the State's response, essentially reiterating his complaints and adding that the State misquoted his allegations in responding to them.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may

we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Because Johnson entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Johnson's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, counsel's brief, Johnson's brief and reply brief, the State's brief, the PSI, and the photographic exhibits of the crime scene and the complainant's injuries entered in evidence at the punishment hearing. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[2]Specifically, we note that ineffective assistance claims are usually best addressed by a postconviction writ of habeas corpus. *See Thompson v. State*, 9 S.W.3d 808, 814 & n.6 (Tex. Crim. App. 1999); *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim. App. 1997).

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 2, 2010